SUMMARY ORDER

Appellant Darwin J. Fifield, Sr., pro se, appeals the district court’s dismissal, on defendants’ motion for summary judgment, of Fifield’s 42 U.S.C. § 1983 claim of excessive force, and an earlier order dismissing his § 1983 claim of unlawful arrest.[1] We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
To establish a claim pursuant to 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of state law, deprived him of a constitutional right. E.g., Rodriguez v. Phillips, 66 F.3d 470, 473 (2d Cir.1995). Fifield alleges that defendants violated his Fourth Amendment rights by entering his home without a warrant, searching and seizing items in his home, and arresting him. See Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Fifield further alleges that defendants used excessive force during the arrest.
Under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), a § 1983 suit for damages that “would necessarily imply the invalidity of [the plaintiffs] conviction or sentence” is not cognizable, unless the plaintiff can show that the conviction or sentence has been “reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court’s issuance of a writ of habeas corpus.” Id. at 487, 114 S.Ct. 2364. Because Fifield provided no indication that his conviction had been in any way invalidated, the district court dismissed all of Fifield’s claims except his claim that the officers had used excessive force.
However, Fourth Amendment claims for unlawful arrest, such as Fifield alleges, do not ordinarily fall within the *481 Heck rule, since a finding for the plaintiff would not necessarily “demonstrate the invalidity of any outstanding criminal judgment against the plaintiff,” id., at least unless the conviction was dependent on evidence obtained as a result of the arrest. See Covington v. City of New York, 171 F.3d 117, 123 (2d Cir.1999). Indeed, Heck itself noted that “[bjecause of doctrines like independent source and inevitable discovery,” a § 1983 “suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiffs still-outstanding conviction.” Heck, 512 U.S. at 487 n. 7, 114 S.Ct. 2364. Similarly, a finding that an arrest was made without probable cause, or that a warrantless entry into the home was made to effect an arrest, would not necessarily call into question the validity of a plaintiffs eventual conviction unless the evidence underlying the conviction was the fruit of such unlawful actions.
Accordingly, the district court erred in dismissing this claim. Because the factual record is insufficient to determine whether anything obtained as a result of the allegedly unlawful arrest was essential to Fi-field’s subsequent conviction, the matter must be remanded to the district court for further development of the factual record as to Heck’s applicability. See Covington, 171 F.3d at 123 (“In the present case, we are unable to determine whether success on [plaintiffs] Section 1983 false arrest claim would necessarily imply the invalidity of a possible conviction.... Accordingly, we remand the case to the district court to make this determination.”).
We affirm, however, the district court’s grant of summary judgment to defendants on Fifield’s excessive force claim. The Fourth Amendment protects individuals from a law enforcement officer’s use of excessive force during an arrest. See Jones v. Parmley, 465 F.3d 46, 61 (2d Cir.2006). Courts must examine whether the use of force was objectively unreasonable in light of the facts and circumstances confronting the officers and should consider the severity of the underlying crime, whether the suspect posed an immediate threat to the safety of the officers or others, or whether the suspect actively resisted or evaded arrest. See Graham v. Connor, 490 U.S. 386, 396-97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).
Here, the undisputed facts showed that, at most, defendants took hold of Fifield’s arms, placed them behind his back, and handcuffed him. Fifield did not allege that defendants used any other force or made other abusive physical contact. Moreover, the district court properly found that defendants were investigating serious crimes, and that they knew from previous contact with Fifield that he kept weapons in his home and had previously beaten and threatened to kill one of the defendants. Accordingly, the district court properly granted summary judgment on Fifield’s excessive force claim.
We have reviewed Fifield’s remaining arguments and find them to be without merit.
For the foregoing reasons, the portion of the district court’s judgment dismissing Fifield’s false arrest claim is hereby VACATED and the matter is REMANDED to the district court for further proceedings consistent with this order. In all other respects, the district court’s judgment is AFFIRMED.

. To the extent it could be argued that we lack jurisdiction to review the dismissal of Fifield’s false arrest claim because Fifield’s notice of appeal lists only the order granting summary judgment to defendants and does not explicitly specify the earlier order dismissing the false arrest claim, we reject that argument. "We generally 'interpret an appeal from a specific order disposing of the case as an appeal from the final judgment, which incorporates all previous interlocutory judgments in that case and permits their review on appeal.' ” City of New York v. Smokes-Spirits.com, Inc., 541 F.3d 425, 453 (2d Cir.2008), quoting Anobile v. Pelligrino, 303 F.3d 107, 115 (2d Cir.2002). Accordingly, we have jurisdiction to address the dismissal of the false arrest claim.